1   LAWRENCE G. BROWN
    Acting United States Attorney
2   KRISTIN S. DOOR, SBN 84307
    Assistant United States Attorney
3   501 I Street, Suite 10-100
    Sacramento, CA 95814
4   Telephone: (916)554-2723

5   Attorneys for Plaintiff
    United States of America
6

7

8                IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,      ) 2:08-cv-02326 LKK/GGH
                                   )
12              Plaintiff,         ) JOINT STATUS REPORT AND
                                   ) STIPULATION TO STAY FURTHER
13      v.                         ) PROCEEDINGS AND ORDER THEREON
                                   )
14  REAL PROPERTY LOCATED AT 22    )
    NELSIER PLACE, OROVILLE,       )
15  CALIFORNIA, BUTTE COUNTY,      )
    APN: 078-040-022, (FORMERLY    )
16  APN: 036-291-074) INCLUDING    )
    ALL APPURTENANCES AND          )
17  IMPROVEMENTS THERETO,          )
                                   ) DATE: January 20, 2009
18              Defendant.         ) TIME: 10:00 a.m.
                                   ) COURTROOM: 4/Chambers
19  _____)

20      Plaintiff United States of America, claimant Rebecca Gayle

21  Powell, and claimants/lienholder  John and Yvonne Stanton, and

22  claimant/judgment creditor Ford Motor Company, submit the

23  following Status Report pursuant to the Court's October 2, 2008,

24  order.

25      (a)  **Parties**:  The plaintiff is the United States of

26  America.  Claimant Rebecca Gayle Powell alleges she is the owner

27  of the defendant property although only Dean E. Teskey is listed

28  as the owner in the title report for the defendant property.  At

                                  1

this point in the litigation plaintiff is not prepared to concede
that Rebecca Powell has any interest in the defendant property.
Plaintiff is informed and believes that Powell is the daughter of
Jess V. Brasier, one of the defendants in <u>United States v. Jess
V. Brasier and Dean Teskey</u>, 2:08-cr-0453 LKK.  The plaintiff
believes that claimant Powell was involved in a scheme with her
father to conceal the true ownership of the defendant property.
Claimant Powell denies this contention.

Claimants John and Yvonne Stanton are the beneficiaries of a
promissory note secured by a deed of trust recorded against the
defendant property.

Claimant Ford Motor Credit Company is a judgment creditor of
Jess V. Brasier and recorded an Abstract of Judgment against the
defendant property on January 12, 2005.

(b)   **Summary of Facts and Legal Theories**:

The United States alleges this property is subject to
forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7)
because it was used to facilitate a felony violation of 21 U.S.C.
§ 841.  Specifically, on September 16, 2008, agents with the Drug
Enforcement Administration and deputies from the Butte County
Sheriff's Department executed a federal search warrant at the
defendant property.  During the search officers found
approximately 90 large marijuana plants.

Claimant Powell denies the allegations.  The Stantons allege
they had no knowledge that marijuana was being grown on the
property.  Ford Motor Credit Company has not filed an answer to
the complaint but will do so not later than January 20, 2009.

(c)   **Service of Process**:

2

The plaintiff has served, or made reasonable attempts to serve, everyone known to have an interest in the defendant property with the Complaint for Forfeiture In Rem, Notice of Complaint, Application and Order for Publication, Lis Pendens, and Court Notices.

The plaintiff attempted to serve the owner of record, Dean Teskey, with the Complaint and related documents by certified mail, but the documents were returned by the Postal Service marked "unclaimed."  Thereafter, plaintiff mailed the documents by certified mail to Shari Rusk, Teskey's attorney of record in United States v. Jess V. Brasier and Dean Teskey, 2:08-cr-0453 LKK.  The PS Form 3811 (the "green card") shows that Rusk's office received the documents on November 10, 2008.  To date Teskey has not filed a claim to the property or an answer to the complaint, and the time for doing so has expired.

Claimant Powell filed a claim to the property and an answer to the complaint on December 16, 2008.  The Stantons (lienholders) filed a Claim to the property and an answer to the complaint on November 3, 2008.

Ford Motor Company filed a claim in this action on November 11, 2008, but has not yet filed an Answer to the Complaint. Because of the confusion over whether Jess V. Brasier and Jess R. Brasier are the same person, and over the true ownership of the defendant property, plaintiff is not prepared at this point to concede that Ford has a legitimate claim against the defendant property.

On October 17, 2008, the U.S. Marshal posted the Notice of Complaint and the Complaint on the real property.

1    Accordingly, service is complete.

2    In addition, notice of the forfeiture was posted on the
3    official government internet site (www.forfeiture.gov) for at
4    least 30 consecutive days, beginning on November 19, 2008, as
5    required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for
6    Admiralty or Maritime Claims and Asset Forfeiture Actions.  A
7    Declaration of Publication was filed on December 31, 2008.

8    (d)  **Possible Joinder of Additional Parties**:
9    None contemplated.

10   (e)  **Any Expected or Desired Amendment of Pleadings**:
11   None.

12   (f)  **Jurisdiction and Venue**:
13   The Court has jurisdiction in this matter pursuant to 28
14   U.S.C. §§ 1345, 1355.  Venue is proper in this district pursuant
15   to 28 U.S.C. § 1395(b) because the real property that is subject
16   to forfeiture is located in this district.

17   (g)  **Anticipated Motions with Suggested Law and Motion
18        Dates**:

19   The parties request that this case not be scheduled at this
20   time because they are requesting a stay of further proceedings
21   for six months as explained in the following paragraph.

22   (h)  **Anticipated Discovery And The Scheduling Thereof**:
23   Pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) the parties
24   suggest that a stay of further proceedings in this case is
25   necessary.  The United States contends that the defendant real
26   property was used to facilitate a violation of federal drug laws
27   (cultivation of marijuana) and is therefore forfeitable to the
28   United States.   The United States intends to depose Jess R.

4

Brasier (who has filed a claim in the related case, U.S. v. 57 Nelsier Place, 2:08-cv-0236 LKK-GGH), about the claim he filed in that case and the facts surrounding the cultivation of marijuana plants at 22 and 57 Nelsier Place.  Plaintiff also intends to depose Jess V. Brasier, the defendant in the pending criminal action.[1]

If discovery proceeds, Jess V. Brasier would be placed in the difficult position of either invoking his Fifth Amendment right against self-incrimination and losing the ability to protect provide information that might support claimant Rebecca Powell's claim of ownership and/or her claim to be an innocent owner, or waiving his Fifth Amendment rights and submitting to depositions and potentially incriminating himself in the pending criminal matter.  If Brasier invokes his Fifth Amendment rights, the United States will be deprived of the ability to explore the factual basis for the claim Rebecca Powell filed in this action and any defenses raised in the Answer.

In addition, all claimants intend to depose law enforcement officers who were involved in the investigation that led to the search at the defendant property.  Allowing depositions of these officers would adversely affect the ability of the United States to conduct its related criminal investigation.

Accordingly, the parties contend that proceeding with this action at this time has potential adverse affects on the

---

[1]  As explained in more detail in the status report filed in the 57 Nelsier Place action, at this point plaintiff does not know if "Jess R. Brasier" (a claimant in the 57 Nelsier Place action) is the same person as "Jess V. Brasier," the defendant in the pending criminal case, or is defendant Brasier's son.

investigation and possible prosecution of the related-criminal case and/or upon claimants' ability to prove their claim to the property and to contest the government's allegations that the property is forfeitable.  For these reasons, the parties request that this matter be stayed for a period of six months.  At that time the parties will advise the Court whether a further stay is necessary.

(i)  **Further Proceedings, Suggested Case Schedule**:

_____The parties request that the case not be scheduled at this time. ____

(j)  **Special Proceedings**:

None.

(k)  **Demand For Jury Trial**:

No claimant made a timely demand for a jury trial.

(l)  **Estimate of Trial Time**:

No more than 4 court days.

(m)  **Modification of Standard Pretrial Procedures**:

None.

(n)  **Related Matters**:

The following cases are related:

1.   United States v. Real Property Located at 57 Nelsier Place, Oroville, CA, 2:08-cv-02309 LKK-EFB.

2.   United States v. Jess Vernon Brasier and Dean Teskey, 2:08-cr-0453 LKK.

A Notice of Related Cases was filed on October 28, 2008, and all cases are assigned to this Court.

(o)  **Settlement Judge**:

The government requests that another judge be assigned as

1  the settlement judge.

2      (p)  **Use of the Voluntary Dispute Resolution Program**:

3      The parties do not believe VDRP is appropriate in this case.

4      (q)  **Other matters**:

5      Counsel for the government has been advised that Dean

6  Teskey, the obligor on the promissory note secured by a deed of

7  trust recorded against the defendant property, has stopped making

8  payments on the promissory note.  Unless claimant Rebecca Powell

9  brings all the payments current, the United States intends to

10 seek a stipulation permitting the interlocutory sale of the

11 property.  It is not the parties' intention that a stay would

12 prevent the parties jointly or the United States separately from

13 seeking an order permitting an interlocutory sale.  If the

14 parties will not stipulate, the United States will seek an order

15 from this court permitting a sale.  Upon the sale of the property

16 the net proceeds will be substituted as the <u>res</u> in this action.

17 If the United States determines that the Stantons and Ford Motor

18 Credit Company are innocent owners within the meaning of 18

19 U.S.C. § 983(d), their claims would be paid out of escrow.  If

20 the United States determines that the Stantons are not innocent

21 owners, those funds would also be substituted as the <u>res</u> in this

22 action.  Their entitlement to the funds would thereafter be

23 determined by at trial.

24

25 DATED :<u>January 6, 2009</u>          LAWRENCE G. BROWN
                                     Acting United States Attorney
26

27                              By:  <u>/s/ Kristin S. Door</u>
                                     KRISTIN S. DOOR
28                                   Assistant U.S. Attorney

                                     7

```
DATED :January 6, 2009          /s/ John H. Feiner
                                JOHN H. FEINER
                                Attorney for claimant
                                Rebecca Gayle Powell


DATED :January 6, 2009          /s/ Frederick H. Schill
                                FREDERICK H. SCHILL
                                Attorney for claimants
                                John and Yvonne Stanton


DATED: January 6, 2009          NELSON & KENNARD


                         By:    /s/ Robert S. Kennard
                                ROBERT S. KENNARD
                                Attorneys for claimant
                                Ford Motor Credit Company
```

## ORDER

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) until July 5, 2009. The parties will advise the court at least 10 days prior to July 5, 2009, whether a further stay is necessary.

The scheduling conference scheduled for January 20, 2009 is hereby vacated.

IT IS SO ORDERED.

Dated: January 9, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT