1   LAWRENCE G. BROWN
    Acting United States Attorney
2   KRISTIN S. DOOR, SBN 84307
    Assistant United States Attorney
3   501 I Street, Suite 10-100
    Sacramento, CA 95814
4   Telephone: (916)554-2723

5   Attorneys for Plaintiff
    United States of America
6

7

8                   IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,        )   2:08-cv-02309 LKK/GGH
                                     )
12           Plaintiff,              )   JOINT STATUS REPORT AND
                                     )   STIPULATION TO STAY FURTHER
13      v.                           )   PROCEEDINGS AND ORDER
                                     )   THEREON
14  REAL PROPERTY LOCATED AT 57      )
    NELSIER PLACE, OROVILLE,         )
15  CALIFORNIA, BUTTE COUNTY,        )
    APN: 078-040-036, (FORMERLY      )
16  APN: 036-291-079) INCLUDING      )
    ALL APPURTENANCES AND            )
17  IMPROVEMENTS THERETO,            )
                                     )   DATE: January 20, 2009
18           Defendant.              )   TIME: 10:00 a.m.
                                     )   COURTROOM: #4/Chambers
19  _____)

20      Plaintiff United States of America, claimant Jess R.

21  Brasier, and claimants Albert and Georgene Brookman, submit the

22  following Status Report pursuant to the Court's September 30,

23  2008, order.

24      (a)  **Parties**:  The plaintiff is the United States of

25  //

26  //

27

28

                                    1

America.   Claimant Jess R. Brasier alleges he is the owner of the
defendant property.[1]   Claimants Albert and Georgene Brookman are
the beneficiaries of a promissory note secured by a deed of trust
recorded against the defendant property.

(b)   **Summary of Facts and Legal Theories**:

The United States alleges this property is subject to
forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7)
because it was used to facilitate a felony violation of 21 U.S.C.
§ 841.   Specifically, on September 16, 2008, agents with the Drug
Enforcement Administration and deputies from the Butte County
Sheriff's Department executed a federal search warrant at the
defendant property.   During the search officers found evidence of
an active indoor marijuana growing operation with approximately
150 plants under cultivation in a barn, and another 80 plants
under cultivation in a greenhouse.   Claimant Brasier denies the
allegations.   The Brookmans allege they had no knowledge that
marijuana was being grown on the property.

(c)   **Service of Process**:

Everyone known to have an interest in the defendant
property has been served with the Complaint for Forfeiture In
Rem, Notice of Complaint, Application and Order for Publication,

---

[1]      At this point in the litigation plaintiff is not
prepared to concede that the person who filed the claim is in
fact the owner.  Plaintiff has been advised that Jess V. Brasier,
who is a defendant in U.S. v. Jess V. Brasier, et al., 2:08-cr-
0453 LKK, also uses "R." as a middle initial on occasion.   A
Choice Point report obtained by DEA shows that "Jess V. Brasier"
and "Jess R. Brasier" use the same Social Security number.   To
complicate the matter further, Jess Brasier has a son, also named
Jess.  Without conducting discovery, plaintiff does not know if
the person who filed the claim is the father/defendant, or the
son.

Lis Pendens, and Court Notices.  Claimant Brasier filed a claim
to the property and an answer to the complaint on December 16,
2008.   The Brookmans (lienholders) filed a Claim to the property
and an answer to the complaint on October 30, 2008.

On October 17, 2008, the U.S. Marshal posted the Notice of
Complaint and the Complaint on the real property.

Accordingly, service is complete.

In addition, notice of the forfeiture was posted on the
official government internet site (www.forfeiture.gov) for at
least 30 consecutive days, beginning on November 19, 2008, as
required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for
Admiralty or Maritime Claims and Asset Forfeiture Actions.  A
Declaration of Publication was filed on December 31, 2008.

(d)  **Possible Joinder of Additional Parties**:

None contemplated.

(e)  **Any Expected or Desired Amendment of Pleadings**:

None.

(f)  **Jurisdiction and Venue**:

The Court has jurisdiction in this matter pursuant to 28
U.S.C. §§ 1345, 1355.  Venue is proper in this district pursuant
to 28 U.S.C. § 1395(b) because the real property that is subject
to forfeiture is located in this district.

(g)  **Anticipated Motions with Suggested Law and Motion
Dates**:

The parties request that this case not be scheduled at this
time because they are requesting a stay of further proceedings
for six months as explained in the following paragraph.

(h)  **Anticipated Discovery And The Scheduling Thereof**:

1    Pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) the parties
2    suggest that a stay of further proceedings in this case is
3    necessary.  The United States contends that the defendant real
4    property was used to facilitate a violation of federal drug laws
5    (cultivation of marijuana) and is therefore forfeitable to the
6    United States.  The United States intends to depose claimant Jess
7    R. Brasier about the claim he filed in this case and the facts
8    surrounding the cultivation of marijuana plants on this property.
9    If claimant Jess R. Brasier is not the same person as defendant
10   Jess V. Brasier, plaintiff will also need to depose defendant
11   Jess V. Brasier.  If discovery proceeds, claimant and/or
12   defendant Jess V. Brasier would be placed in the difficult
13   position of either invoking their Fifth Amendment rights against
14   self-incrimination and losing the ability to protect their
15   claimed interest in the defendant property, or waiving their
16   Fifth Amendment rights and submitting to depositions and
17   potentially incriminating themselves in the pending criminal
18   matter.  If claimant invokes his Fifth Amendment rights, the
19   United States will be deprived of the ability to explore the
20   factual basis for the claims they filed in this action and any
21   defense raised in the Answer.
22   In addition, all claimants intend to depose law enforcement
23   officers who were involved in the investigation that led to the
24   search at the defendant property.  Allowing depositions of these
25   officers would adversely affect the ability of the United States
26   to conduct its related criminal investigation.
27   Accordingly, the parties contend that proceeding with this
28   action at this time has potential adverse affects on the

4

investigation and possible prosecution of the related-criminal case and/or upon claimants' ability to prove their claim to the property and to contest the government's allegations that the property is forfeitable.  For these reasons, the parties request that this matter be stayed for a period of six months.  At that time the parties will advise the Court whether a further stay is necessary.

(i)  **Further Proceedings, Suggested Case Schedule**:

_____The parties request that the case not be scheduled at this time. ____

(j)  **Special Proceedings**:

None.

(k)  **Demand For Jury Trial**:

No claimant made a timely demand for a jury trial.

(l)  **Estimate of Trial Time**:

No more than 4 court days.

(m)  **Modification of Standard Pretrial Procedures**:

None.

(n)  **Related Matters**:

The following cases are related:

1.   United States v. Real Property Located at 22 Nelsier Place, Oroville, CA, 2:08-cv-02326 LKK-EFB.

2.   United States v. Jess Vernon Brasier and Dean Teskey, 2:08-cr-0453 LKK.

A Notice of Related Cases was filed on October 28, 2008, and all cases are assigned to this Court.

(o)  **Settlement Judge**:

The government requests that another judge be assigned as

1  the settlement judge.

2      (p)  **Use of the Voluntary Dispute Resolution Program**:

3      The parties do not believe VDRP is appropriate in this case.

4      (q)  **Other matters**:

5      Counsel for the government has been advised that claimant

6  Jess R. Brasier has stopped making payments on the promissory

7  note.  Under these circumstances, the United States intends to

8  seek a stipulation from all parties permitting the interlocutory

9  sale of the property.  It is not the parties' intention that a

10  stay would prevent the parties jointly or the United States

11  separately from seeking an order permitting an interlocutory

12  sale.  Upon the sale of the property the net proceeds will be

13  substituted as the res in this action.  If the United States

14  determines that the Brookmans are innocent owners within the

15  meaning of 18 U.S.C. § 983(d), their claim would be paid out of

16  escrow.  If the United States determines that the Brookmans are

17  not innocent owners, those funds would also be substituted as the

18  res in this action.  Their entitlement to the funds would

19  thereafter be determined by at trial.

20

21  DATED: January 6, 2009          LAWRENCE G. BROWN
22                                  Acting United States Attorney

23                          By:  /s/ Kristin S. Door
24                                  KRISTIN S. DOOR
                                    Assistant U.S. Attorney

25

26  DATED: January 6, 2009          /s/ John H. Feiner
27                                  JOHN H. FEINER
                                    Attorney for claimant
28                                  Jess R. Brasier

                                    6

DATED: January 6, 2009          /s/ Frederick H. Schill
                                FREDERICK H. SCHILL
                                Attorney for claimants
                                Albert and Georgene Brookman


                            **ORDER**

    For the reasons set forth above, this matter is stayed
pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) until July 5,
2009.  The parties will advise the court at least 10 days prior
to July 5, 2009, whether a further stay is necessary.

    The scheduling conference scheduled for January 20, 2009 is
hereby vacated.

IT IS SO ORDERED.

Dated: January 9, 2009.




                                LAWRENCE K. KARLTON
                                SENIOR JUDGE
                                UNITED STATES DISTRICT COURT