```
 1  LAWRENCE G. BROWN
    Acting United States Attorney
 2  KRISTIN S. DOOR, SBN 84307
    Assistant United States Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone: (916)554-2723

 5  Attorneys for Plaintiff
    United States of America
 6

 7

 8                  IN THE UNITED STATES DISTRICT COURT

 9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,      ) 2:08-cv-02326 LKK/GGH
                                   )
12           Plaintiff,            ) STIPULATION TO EXTEND
                                   ) STAY OF FURTHER PROCEEDINGS
13      v.                         ) AND ORDER THEREON
                                   )
14  REAL PROPERTY LOCATED AT 22    )
    NELSIER PLACE, OROVILLE,       )
15  CALIFORNIA, BUTTE COUNTY,      )
    APN: 078-040-022, (FORMERLY    )
16  APN: 036-291-074) INCLUDING    )
    ALL APPURTENANCES AND          )
17  IMPROVEMENTS THERETO,          )
                                   ) DATE: N/A
18           Defendant.            ) TIME: N/A
                                   ) COURTROOM:
19
```

     Plaintiff United States of America, claimant Rebecca Gayle
Powell, and claimants/lienholder John and Yvonne Stanton, and
claimant/judgment creditor Ford Motor Company, request that the
stay entered in the case on January 12, 2009, be extended to
December 1, 2009.  This request is based on the following:

     1.   The United States contends that the defendant real
property was used to facilitate a violation of federal drug laws
(cultivation of marijuana) and is therefore forfeitable to the
United States.  The United States intends to depose Jess R.

1

Brasier (who has filed a claim in the related case, U.S. v. 57 Nelsier Place, 2:08-cv-0236 LKK-GGH), about the claim he filed in that case and the facts surrounding the cultivation of marijuana plants at 22 and 57 Nelsier Place.  Plaintiff also intends to depose Jess V. Brasier, the defendant in two pending criminal actions[1], United States v. Jess Vernon Brasier and Dean Teskey, 2:08-cr-0453 LKK, and United States v. Jess Vernon Brasier, et al., 2:08-cr-518 LKK.

If discovery proceeds, Jess V. Brasier would be placed in the difficult position of either invoking his Fifth Amendment right against self-incrimination and losing the ability to protect provide information that might support claimant Rebecca Powell's claim of ownership and/or her claim to be an innocent owner, or waiving his Fifth Amendment rights and submitting to depositions and potentially incriminating himself in the pending criminal matter.  If Brasier invokes his Fifth Amendment rights, the United States will be deprived of the ability to explore the factual basis for the claim Rebecca Powell filed in this action and any defenses raised in the Answer.

In addition, all claimants intend to depose law enforcement officers who were involved in the investigation that led to the search at the defendant property.  Allowing depositions of these officers would adversely affect the ability of the United States to conduct its related criminal investigation.

Accordingly, the parties contend that proceeding with this

---

[1] At this point plaintiff does not know if "Jess R. Brasier" (a claimant in the 57 Nelsier Place action) is the same person as "Jess V. Brasier," the defendant in the pending criminal case, or is defendant Brasier's son.

1 action at this time has potential adverse affects on the
2 investigation and possible prosecution of the related-criminal
3 case and/or upon claimants' ability to prove their claim to the
4 property and to contest the government's allegations that the
5 property is forfeitable.  For these reasons, the parties request
6 that this matter be stayed until December 1, 2009.  This court
7 has entered a stay to December 1, 2009, in a related case (<u>U.S.</u>
8 <u>v. 2007 Yamaha Rhino</u>, 2:09-cv-00684 LKK-GGH) and the parties
9 suggest that it makes sense to get all the related cases on the
10 same schedule.  At that time the parties will advise the Court
11 whether a further stay is necessary.

12 DATED: June 24, 2009          LAWRENCE G. BROWN
                                  Acting United States Attorney
13
14                         By:   <u>/s/ Kristin S. Door</u>
                                  KRISTIN S. DOOR
15                                Assistant U.S. Attorney
16
17 DATED: June 24, 2009          <u>/s/ John H. Feiner</u>
                                  JOHN H. FEINER
18                                Attorney for claimant
                                  Rebecca Gayle Powell
19
20 DATED: June 24, 2009          <u>/s/ Frederick H. Schill</u>
                                  FREDERICK H. SCHILL
21                                Attorney for claimants
                                  John and Yvonne Stanton
22
23 DATED: June 24, 2009          NELSON & KENNARD
24
25                         By:   <u>/s/ Robert S. Kennard</u>
                                  ROBERT S. KENNARD
26                                Attorneys for claimant
                                  Ford Motor Credit Company
27
28

3

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) until December 1, 2009.  The parties will advise the court at least 10 days prior to December 1, 2009, whether a further stay is necessary.

IT IS SO ORDERED.

Dated: June 26, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4